**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| QUALITY NIGHT LIGHTS, LLC, | |
| Plaintiff, | |
| | Civil Action No. |
| vs. | |
| | JURY TRIAL DEMANDED |
| AMERASIA ENTERPRISES, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Quality Night Lights, LLC ("Plaintiff") hereby alleges for its Complaint against Amerasia Enterprises, Inc. ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### I.   THE PARTIES

1.     Plaintiff is a limited liability company organized and existing under the laws of Texas, with a place of business at 1100 Judson Road, Suite 722, in Longview, Texas, 75601.

2.     Plaintiff is the owner of the following United States Patents:

    a.  Patent No. 6,390,647, titled "Night Light," duly and properly issued by the U.S. Patent and Trademark Office on May 21, 2002 ("'647 Patent"); and

    b.  Patent No. 7,874,717, titled "Night Light," duly and properly issued by the U.S. Patent and Trademark Office on January 25, 2011 ("'717 Patent").

3.     The above patents are referred to herein as the "patents in suit."

4.     Defendant is a corporation organized and existing under the laws of California with a principal place of business at 9233 Archibald Avenue, in Rancho Cucamonga, California, 91730.

### II.   JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      This Court has personal jurisdiction over Defendant.  By way of example and without limitation, Defendant, directly or through intermediaries (including distributors, retailers, and others), makes, manufactures, ships, distributes, advertises, markets, offers for sale, and/or sells night light products that infringe on one or more claims of the patents in suit (hereinafter the "accused products"), which include without limitation products sold under the "Megabrite" brand name, in the United States, the State of Texas, and the Eastern District of Texas.

8.      Further, this Court has personal jurisdiction over Defendant by virtue of its having established minimum contacts with the forum, having conducted business within the State of Texas and this District, and having engaged in systematic and continuous contacts with the State of Texas.  On information and belief, Defendant has committed acts of infringement of one or more claims of the patents in suit in this District.

9.      By way of further example and without limitation, Defendant has purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that they will be purchased in the Eastern District of Texas, and the products are actually purchased in the Eastern District of Texas.

### III.      THE DEFENDANT'S INFRINGEMENTS

10.     The '647 Patent relates to an improved night light that has a weathertight housing suitable for outdoor use, a bulb mounted on the housing, and a switch with at least three positions capable of adjusting the brightness of the night light.  A true and correct copy of the '647 Patent is attached as Exhibit A.

11.     The '717 Patent relates to an improved night light that has a housing suitable for connecting to an electrical outlet, a light source mounted on the housing, and a switch with at least three positions capable of adjusting the brightness of the night light.  A true and correct copy of the '717 Patent is attached as Exhibit B.  The '717 Patent claims night lights that can adjust the brightness continuously and also night lights that adjust the brightness at discrete levels.  The '717 Patent further claims a night light that has a photosensitive device that, in

response to ambient light levels, will turn the light source on and off.  The '717 Patent also claims a night light with a motion sensor that will turn the light on in response to motion being detected.

12.     Defendant has committed the tort of patent infringement within the State of Texas, and more particularly, within the Eastern District of Texas, by virtue of the fact that Defendant has made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the accused products in this District, and continues to do so.

## IV.     DIRECT INFRINGEMENTS

13.     Defendant's employees, agents, and representatives who have made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold Defendant's accused products, have infringed one or more claims of the patents in suit.

14.     The accused products, which are made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant, include components, which, by virtue of their inclusion in the products, infringe one or more claims of one or more of the patents in suit.

15.     Defendant has encouraged and/or is aware of the fact that its employees, agents, and representatives make, manufacture, ship, distribute, advertise, offer for sale, and/or sell Defendant's accused products, which are covered by one or more claims of one or more of the patents in suit, and these employees, agents, and representatives are acting under Defendant's direction and control when doing so.

16.     Therefore, Defendant is a direct infringer of one or more claims of one or more of the patents in suit.

## V.     FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,390,647

17.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

18.     Defendant has in the past and still is literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No.

6,390,647 by, among other things, making, manufacturing, shipping, distributing, advertising, offering for sale, and/or selling the accused products covered by at least claim 1 of the '647 Patent, including, by way of example and not limitation, its sale and distribution of its Megabrite LED Color Changing Night Lights with Photo Sensor, and will continue to do so unless enjoined by this Court.

19.     In addition to the fact that Defendant makes, manufactures, ships, distributes, advertises, sells, and offers for sale the accused products, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant has encouraged and/or is aware of the fact that its employees, agents, and representatives make, manufacture, ship, distribute, advertise, offer for sale, and/or sell Defendant's accused products, which are covered by one or more claims of United States Patent No. 6,390,647, and these employees, agents, and representatives are acting under Defendant's direction and control when doing so.

20.     Defendant's infringement is evidenced by the description of its infringing product on a retailer's website, which describes the components covered by one or more claims of United States Patent No. 6,390,647.  *See, e.g.*, "Megabrite LED Color Changing Night Lights with Photo Sensor, 4-Pack," http://www.amazon.com/Megabrite-Changing-Lights-Sensor-4-Pack/dp/B0041VG3T6 (Listing as features: "7 rotating colors or 1 fixed color with dimmable feature" and "LED Bulb").

21.     Defendant's activities have been without express or implied license by Plaintiff.

22.     As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

23.     As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringements, which will continue unless Defendant is enjoined by this Court.

## VI.   SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 7,874,717

24.    Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

25.    Defendant has in the past and still is literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 7,874,717 by, among other things, making, manufacturing, shipping, distributing, advertising, offering for sale, and/or selling the accused products covered by at least claims 1, 4 and 5 of the '717 Patent, including, by way of example and not limitation, its sale and distribution of its Megabrite LED Color Changing Night Lights with Photo Sensor, and will continue to do so unless enjoined by this Court.

26.    In addition to the fact that Defendant makes, manufactures, ships, distributes, advertises, sells, and offers for sale the accused products, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant has encouraged and/or is aware of the fact that its employees, agents, and representatives make, manufacture, ship, distribute, advertise, offer for sale, and/or sell Defendant's accused products, which are covered by one or more claims of United States Patent No. 7,874,717, and these employees, agents, and representatives are acting under Defendant's direction and control when doing so.

27.    Defendant's infringement is evidenced by the description of its infringing product on a retailer's website, which describes the components covered by one or more claims of United States Patent No. 7,874,717.  *See, e.g.*, "Megabrite LED Color Changing Night Lights with Photo Sensor, 4-Pack," http://www.amazon.com/Megabrite-Changing-Lights-Sensor-4-Pack/dp/B0041VG3T6 (Listing as features: "7 rotating colors or 1 fixed color with dimmable feature;" "Automatic on / off when dark / light;" and "LED Bulb").

28.    Defendant's activities have been without express or implied license by Plaintiff.

29.    As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

30.     As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringements, which will continue unless Defendant is enjoined by this Court.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.     A declaration that Defendant has infringed the patents in suit, under 35 U.S.C. §§ 271 *et seq.*;

2.     That a permanent injunction be issued by this Court restraining Defendant, its officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the patents in suit;

3.     That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the patents in suit, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

4.     That Plaintiff be awarded its interest and costs of suit incurred in this action;

5.     Compensatory damages; and

6.     That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Date:   July 3, 2013

/s/Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
SPANGLER & FUSSELL P.C.
208 N. Green St., Ste. 300
Longview, Texas  75601
Telephone: 903/753-9300
Facsimile: 903/553-0403
spangler@sfipfirm.com

James A. Fussell, III
State Bar No. 2003193 (AR)
SPANGLER & FUSSELL P.C.
211 N. Union Street, Ste. 100
Alexandria, Virginia 22314
Telephone: 903/753-9300
Facsimile: 903/553-0403
fussell@sfipfirm.com

Tyler J. Woods
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA  92660
Tel:  949-706-6464
Fax:  949-706-6469
Email:  twoods@trialnewport.com

**ATTORNEYS FOR PLAINTIFF**
**QUALITY NIGHT LIGHTS LLC**